UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

| | | |
|---|---|---|
| SHENZHEN CITY SANHU TECHNOLOGY CO., LTD., Plaintiff, | : | **MEMORANDUM DECISION AND ORDER** |
| - against - | : | 23-cv-7691 (BMC) |
| LINDSAY ALBANESE and HATS ON LLC, Defendant. | : | |

---------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff, a Chinese company, seeks a declaratory judgment that it is not infringing a patent held by defendants, an LLC headquartered in California, and its sole member and individual owner, a California citizen. Plaintiff and defendants sell their competing products on Amazon.com. The case arises out of defendants' request to Amazon, with which Amazon complied, to pull plaintiff's products off its website because those products, according to defendants, infringe defendants' patent. When plaintiff prepared a non-infringement analysis and presented it to Amazon, Amazon restored plaintiff's products. But months later, defendants again complained to Amazon that plaintiff was infringing, and plaintiff is concerned that the cycle of pulling and restoring its products will continue absent declaratory relief.

Why is this case in the Eastern District of New York? Neither plaintiff nor defendants reside here and no conduct giving rise to this suit is alleged to have occurred here. Nevertheless, the complaint alleges that venue is proper because "a substantial part of the events giving rise to the claims occurred in this district." Not being able to determine what those events were, I

issued an Order *sua sponte* requiring plaintiff to show cause why this action should not be dismissed or transferred for improper venue under 28 U.S.C. § 1406.

Plaintiff's response to the Order is not persuasive. It has doubled down on its theory that a substantial part of the events occurred in this district, even though neither plaintiff nor defendants took any action vis-à-vis each other or through Amazon in this district. Plaintiff concedes that all of defendants' contacts with Amazon were initiated in California, and that "the core of the dispute centers on Defendant's actions involving Amazon[.]" It argues, nevertheless, that because the parties sell products over Amazon, and Amazon must make a lot of sales in New York, the events giving rise to plaintiff's claim occurred in this district. Its theory seems to be that but for defendants' unreasonable takedown demands to Amazon, plaintiff might have more sales in New York; thus, the "competitive landscape" in New York has been altered by defendants' contacts with Amazon.

As I pointed out in the Order to Show Cause, however, this case has nothing to do with defendants' sales in New York – or anywhere else. Plaintiff is not claiming that defendants' sales are violating plaintiff's patent rights. As far as plaintiff's claim is concerned, defendants can sell as much of their own product as they want, anywhere in the world. Rather, what plaintiff is upset about is defendants continually contacting Amazon and demanding that it pull plaintiff's products. Those contacts were made from California, as plaintiff acknowledges.

Venue in a declaratory judgment action for patent noninfringement is governed by 28 U.S.C. § 1391, rather than the patent infringement venue statute, 28 U.S.C. § 1400(b). <u>See, e.g.</u>, <u>Pro Sports Inc. v. West</u>, 639 F. Supp. 2d 475, 483 (D.N.J. 2009). It is not the case that both defendants reside in New York, so venue can't be proper in the Eastern District of New York under Section 1391(b)(1). Thus, if venue were to be proper in this district at all, it could only be

through Section 1391(b)(2).[1] "The test for determining proper venue under Section 1391 is not the defendant's contacts with the district, but the locations of those events or omissions giving rise to the claim." Eddie Kane Steel Prod., Inc. v. Alabama Plate Cutting Co., No. 18-cv-15167, 2019 WL 3281623, at *3 (D.N.J. July 19, 2019). As a result, venue analysis usually focuses on the location of the alleged misconduct. See, e.g., Shenzhen OKT Lighting Co. v. JLC-Tech LLC, No. 20-cv-5062, 2021 WL 4443637, at *10 (S.D.N.Y. Sept. 28, 2021); Bassili v. Chu, 242 F. Supp. 2d 223, 231-32 (W.D.N.Y. 2002); Fugazy Int'l Travel Grp., Inc. v. Fugazy Exec. Travel, Inc., No. 00-cv-5927, 2001 WL 50936, at *1 (S.D.N.Y. Jan. 22, 2001); accord Van Deelen v. Bloomberg, L.P., No. 20-cv-239, 2021 WL 401201, at *4 (S.D. Ala. Jan. 8, 2021), report and recommendation adopted, 2021 WL 400541 (S.D. Ala. Feb. 3, 2021).

Venue may be proper in a declaratory judgment action in a district where the defendant has repeatedly directed communications (such as cease-and-desist letters) regarding the plaintiff's alleged infringements to that district. See Trimble Inc. v. PerDiemCo LLC, 997 F.3d 1147 (Fed. Cir. 2021). Courts have also found venue to be proper in the district where a substantial portion of plaintiff's alleged infringement took place, such as where the plaintiff resides, produces the allegedly infringing products, or conducts most of its sales. See, e.g., Jeffers Handbell Supply, Inc. v. Schulmerich Bells, LLC, No. 16-cv-03918, 2017 WL 3582235, at *8 (D.S.C. Aug. 18, 2017); Pro Sports Inc., 639 F. Supp. 2d at 483-84.

But here, where there is no suggestion that defendants directed their infringement allegations to or from the Eastern District of New York, plaintiff does not reside in the district, and plaintiff does not even allege that a substantial portion of its business takes place here, venue

---

[1] Because venue is proper in the Central District of California under either Section 1391(b)(1) or Section 1391(b)(2), see *infra*, Section 1391(b)(3) is inapplicable.

is improper.[2] Although transactional venue is not necessarily confined to a single federal district, plaintiff's theory would make venue proper wherever Amazon sells the parties' goods – that is, every federal district. Without more as to what makes the Eastern District of New York special, the alteration of the "competitive landscape" about which plaintiff complains could occur just as easily in Texas, Florida, Michigan, or New Hampshire. In this case, since no substantial part of the events alleged in plaintiff's complaint occurred anywhere except California, venue is improper in the Eastern District of New York.

Having found venue improper in this district, I am permitted to transfer this action to any district or division in which it could have been originally brought, so long as transfer is in the interest of justice. 28 U.S.C. § 1406; see also Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). Transfer may be made *sua sponte*. Pisani v. Diener, No. 07-cv-5118, 2009 WL 749893, at *8 (E.D.N.Y. March 17, 2009).

The individual defendant resides in Seal Beach, California, and is the sole member of the LLC defendant, which is "located" at the same address. As plaintiff admits, "the core of defendant's purported wrongdoing originated in California[.]" And the action arises under federal law. Based on those facts, jurisdiction and venue are proper in the Central District of California. Transferring this action is in the interest of justice, since transfer – as opposed to dismissal – will "spare[] the parties from the intolerable expenses, delays, and attendant burdens that would result from having the case batted back and forth from district to district, and [because] it positions a court to fulfill the mission of the judicial system by deciding the case." U.S. Bank Nat'l Ass'n v. Bank of Am. N.A., 916 F.3d 143, 153 (2d Cir. 2019).

---

[2] Plaintiff's letter states that "New York represents a significant sales market" for it, but does not specify the Eastern District or explain what is meant by "significant."

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
October 30, 2023